UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS DAVID JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>KEITH YORDY, Warden,<br><br>    Respondent. | Case No. 1:18-cv-00153-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Nicholas David Johnson ("Petitioner"), challenging Petitioner's state court conviction for second-degree murder. (Dkt. 3.) On July 6, 2018, after the parties had consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case—in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73—the Court dismissed two of Petitioner's four claims. (*See* Initial Review Order, Dkt. 8, at 3-5; *see also* Dkt. 7.)

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.) *See* Fed. R. Evid. 201; *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Johnson*, Docket No. 39573, Op. 737 (Idaho Ct. App. Nov. 1, 2013) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted of second-degree murder and sentenced to life in prison with fifteen years fixed. The Idaho Court of Appeals affirmed the conviction and sentence. (State's Lodging B-4.) The Idaho Supreme Court denied review and issued the remittitur on November 22, 2013. (State's Lodging B-7, B-8.)

While his direct appeal was still pending, Petitioner filed a motion for a new trial and later an amended motion for a new trial. With Petitioner's agreement, the state district court treated the motion as a petition for post-conviction relief. (State's Lodging C-1 at 5-14.) Petitioner later filed an amended post-conviction petition. (*Id*. at 49-69.) The state district court dismissed the petition, and the Idaho Court of Appeals affirmed. (*Id*. at 475-501; State's Lodging D-4.) After allowing Petitioner to file an untimely petition for review, the Idaho Supreme Court denied review and issued the remittitur on January 20, 2017. (State's Lodging D-7, D-9, D-10.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed his federal habeas petition in this Court on April 5, 2018.[1] (Dkt. 3.)

The Court has construed the Petition as asserting the following claims:

> Claim 1 asserts a due process violation based on the trial court's admission of autopsy photographs into evidence.
>
> Claims 2 asserts ineffective assistance of trial counsel based on counsel's alleged (a) failure to inform Petitioner of a plea offer, (b) waiver of a preliminary hearing, "which precluded Petitioner from presenting opening evidence of self defense," (c) failure to call Petitioner's girlfriend as a defense witness, (d) failure to meet and communicate adequately with Petitioner, and (e) failure to provide Petitioner with a complete copy of discovery.
>
> Claim 3 asserts a constitutional violation during post-conviction proceedings based on the state district court's summary dismissal of Petitioner's post-conviction petition and the state appellate court's affirmance of that dismissal.
>
> Claim 4 asserts ineffective assistance of direct appeal counsel for failing to raise trial counsel's ineffectiveness as an issue on appeal.

(Initial Review Order, Dkt. 8, at 2-3 (internal citations and footnote omitted).) Petitioner has not objected to this construction.

The Court previously reviewed the Petition and allowed Petitioner to proceed on Claims 1 and 2. The Court dismissed Claim 3 as noncognizable. (*Id.* at 3, citing *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam)). The Court also dismissed Claim 4, holding (a) that direct appeal counsel was not ineffective for failing to bring a trial ineffectiveness claim, because Idaho courts generally require ineffective assistance

---

[1] Because the Petition does not provide the date on which Petitioner delivered the petition to prison authorities for filing by mail (*see* Dkt. 3 at 15), Petitioner is not entitled to the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); Rule 3(d) of the Rules Governing Section 2254 Cases. Thus, the Court uses the date that the Petition was received by the Clerk of Court as the filing date.

**MEMORANDUM DECISION AND ORDER - 3**

claims to be brought in post-conviction proceedings rather than on direct appeal (*id*. at 4, citing *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992)), and (b) that the Idaho courts' preference for hearing ineffective assistance claims on collateral review does not unconstitutionally deprive a petitioner of counsel (*id*. at 4-5, citing *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987), and *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).)

Respondent now argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees.[2] Because Petitioner (1) is entitled to statutory tolling only through the completion of his state post-conviction proceedings and (2) is not entitled to equitable tolling as to render his Petition timely, the Court will dismiss the Petition with prejudice.

## DISCUSSION

**1.    Standards of Law**

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

---

[2] Therefore, the Court need not address Respondent's argument that Claim 1 is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 4**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to Petitioner's case. AEDPA requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops

---

[3] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 5**

running on the filing date of the state court action and resumes when the state action is concluded.

If, after applying statutory tolling, a habeas petition is still deemed untimely, a federal court can hear the merits of the claims only if the petitioner can establish that equitable tolling should be applied to toll the remaining time period.[4] *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may not be equitably tolled absent exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

**2.  The Petition Is Barred by the Statute of Limitations**

*A.  With Statutory Tolling, the Federal Petition Was Filed 74 Days Late*

Petitioner's conviction became final on February 20, 2014, 90 days after the Idaho Supreme Court issued the remittitur in his direct appeal. 28 U.S.C. § 2244(d)(1)(A); U.S. S. Ct. Rule 13. However, because Petitioner had filed his post-conviction petition before the conclusion of that direct appeal, 28 U.S.C. § 2244(d)(2) tolled the one-year statute of limitations through January 20, 2017, the day the Idaho Supreme Court issued the

---

[4] In addition to the doctrine of equitable tolling, the statute of limitations is also subject to an actual innocence exception. *McQuiggin v. Perkins*, 569 U.S. 383, 392-94 (2013). Petitioner has not invoked that exception.

**MEMORANDUM DECISION AND ORDER - 6**

remittitur in Petitioner's post-conviction appeal.[5] The limitations period began to run the next day and expired a year later, on January 21, 2018. Therefore, when the Petition was filed on April 5, 2018, it was 74 days overdue.

> B. *Petitioner Is Not Entitled to Equitable Tolling Sufficient to Render the Petition Timely*

Petitioner acknowledges that his Petition was untimely, but he asserts he is entitled to equitable tolling with respect to the 74-day delay. As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted).

To be entitled to equitable tolling, a petitioner "must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks, citation, and alteration omitted); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary

---

[5] The term "pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Thus, Petitioner is not entitled to an additional 90 days of tolling during the certiorari period for his post-conviction petition.

**MEMORANDUM DECISION AND ORDER - 7**

circumstances were the *cause* of the prisoner's untimeliness.") (internal quotation marks and alteration omitted). However, literal impossibility is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so."). "If a prisoner can demonstrate that he is entitled to equitable tolling for a certain period of time, that period will be subtracted from the total number of days that have passed." *Id.* If, after that subtraction, less than one year remains, the petition is deemed timely. *Id.*

      i.      <u>Factual Allegations Relevant to Equitable Tolling</u>

Petitioner claims that several factors led to the lateness of his Petition. One of these factors was his reliance on a "jailhouse lawyer." He claims that Inmate Andrew J.J. Wolf agreed to help prepare Petitioner's federal petition in exchange for $400. (Dkt. 16-1 at ¶ 12.) Petitioner turned over all his "federal habeas materials and all [his] state court records" to Wolf. (*Id.* at ¶ 14.) This violated prison policy. Although inmates may enlist other inmates to assist with legal work, the inmate helpers are not permitted to possess another inmate's legal materials or to "receive any item, compensation, or service" for that assistance. (Dkt. 19-1 at 11.)

Approximately one month before the filing deadline for the federal petition, Wolf was placed in administrative segregation, and, as a result, Petitioner was unable to retrieve the nearly-completed petition or his legal materials from Wolf. (Dkt. 16-1 at ¶ 14.) In February 2018, Petitioner was permitted ten minutes to look through Mr. Wolf's property but was "only able to find some paperwork from [his] state post-conviction

**MEMORANDUM DECISION AND ORDER - 8**

action." (*Id*. at ¶ 16.) Thus, Petitioner had to start over and prepare a new petition himself, which delayed filing. Although the prison paralegal said he would look for the remainder of Petitioner's legal materials (and eventually did find them), Petitioner did not receive the materials until after he filed the instant Petition, and long after the statute of limitations had expired. (*Id*. at ¶¶ 14, 19.)

Petitioner also asserts that the prison was on lockdown or secure status beginning on January 6, 2018, and that the attendant restrictions were "slowly lifted" over the next several weeks. (*Id*. at ¶ 15.) The Court will accept, for purposes of this decision, Petitioner's allegation that during these periods of time he was not allowed to visit the prison paralegal and that this lack of access contributed to the delay in filing.

Lastly, Petitioner contends that his petition was ready to file on March 20, 2018, but, because the paralegal was "unavailable due to illness or vacation," Petitioner could not do so. (*Id*. at ¶ 18.) It was not until April 5, 2018, that Petitioner had an appointment with a substitute paralegal, who filed the petition that day.

      ii.      <u>No Extraordinary Circumstances Stood in Petitioner's Way and Prevented a Timely Filing</u>

Petitioner has not established extraordinary circumstances that would render the Petition timely under equitable tolling principles.

First, the fact that Inmate Wolf was transferred to administrative segregation before he could complete Petitioner's federal habeas petition does not constitute an extraordinary circumstance. Petitioner claims that he could not access his legal work once Wolf was placed in administrative segregation. "[G]iven the vicissitudes of prison life,"

however, problems arising from a petitioner's reliance on legal assistance from other inmates are not extraordinary circumstances for purposes of equitable tolling. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010).

In *Chaffer*, the habeas petitioner sought equitable tolling because the inmates who were helping him with his legal work "were transferred or [were] too busy to attend to his [federal] petition[.]" *Id*. The Ninth Circuit rejected that argument and stated that, although denial of access to legal files can, in some cases, constitute extraordinary circumstances that warrant tolling, the petitioner in *Chaffer* had "entrusted his inmate law clerk with his legal documents at his peril." *Id*. (internal quotation marks and alteration omitted). It was the petitioner's *own* actions that prohibited him from accessing his legal work, not the state's actions.

Similarly, Petitioner must bear the consequences of his decision to entrust Wolf with his legal materials—a decision Petitioner made at his own peril. Therefore, the circumstances that led to his being unable to access his legal files were not "beyond [his] control." *Sossa*, 729 F.3d at 1229. Further, also like the petitioner in *Chaffer*, Petitioner "'does not point to specific instances where he needed a particular document…and could not have procured that particular document when needed.'" *Id*. (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (alteration in original). Generalized assertions that Petitioner could not access his legal materials are not enough. For these reasons, neither the fact that Petitioner relied on Inmate Wolf to prepare the petition, nor

the fact that Petitioner could not access the legal files that he gave to Wolf, justifies the application of equitable tolling.

Second, even giving Petitioner the benefit of the number of days that he was subject to lockdown or secure status would not render the petition timely. Petitioner does not remember precisely when the restrictions were lifted,[6] but Respondent has submitted evidence establishing that Petitioner's housing unit was either in lockdown or secure status on, at most, the following days in early 2018: January 3, January 5-17, March 1, March 6, March 26-27, and March 31, for a total of 19 days.[7] (Dkt. 19-3.) Petitioner does not state, nor does the record disclose, whether Petitioner was on lockdown or secure status from April 1 to April 4, 2018, but the Court will assume such status for purposes of this decision.[8] With those four additional days, Petitioner's restrictive status could have prevented him from working on his federal petition for a maximum of 23 days. Therefore, Petitioner's extended deadline for his federal petition would have been February 13, 2018—23 days after January 21, 2018. *See Grant*, 862 F.3d at 918. Even with the benefit of those 23 days, the April 5, 2018 Petition still was 51 days late.

---

[6] Petitioner's statement that "restrictions were slowly lifted until yard movement was permitted around early February" is based on his "best efforts to recall the pertinent timeline." (Dkt. 16-1 at ¶ 15; Dkt. 16 at 2 n.1.) This statement does not controvert Respondent's documentary evidence as to the dates Petitioner's housing unit was on lockdown or secure status. (Dkt. 19-3.) Petitioner does not allege which restrictions were still in place in February 2018, nor does he contend that he was prohibited from visiting the paralegal or working on his federal petition that month.

[7] Petitioner states he was housed in Unit 9, while Respondent states he was housed in Unit 13, B Tier. (Dkt. 16-1 at ¶ 8; Dkt. 19-2 at ¶ 3. The Court has counted both units for purposes of determining Petitioner's lockdown status.

[8] Petitioner obviously had access to the paralegal on April 5, 2018—the day he filed his Petition with the assistance of the paralegal.

**MEMORANDUM DECISION AND ORDER - 11**

Finally, the paralegal's absence between March 20 and April 5, 2018 could not have prevented Petitioner from filing a timely Petition. The extended limitations period, accounting for Petitioner's restrictive status, had already expired on February 13, 2018—over one month before the paralegal's absences.

For the foregoing reasons, Petitioner has not shown extraordinary circumstances that prevented him from filing a timely habeas corpus petition.

## CONCLUSION

Petitioner has not established that he is entitled to equitable tolling such that his Petition can be deemed timely. Therefore, the Petition is barred by the statute of limitations and must be dismissed.

## ORDER

**IT IS ORDERED:**

1. All pending motions for extensions of time (Dkt. 14, 17, and 18) are GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and this action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 19, 2019

/s/ C.W. Dale
Honorable Candy W. Dale
United States Magistrate Judge